IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. PRICE, *<br>ADC # 93144 *<br>*<br>Plaintiff, *<br>v. *<br>*<br>C. FULLERTON, Sergeant, *<br>Saline County Jail; *et al.* *<br>*<br>Defendants. * | No. 4:15CV00715-SWW-JJV |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Christopher D. Price ("Plaintiff") began this action by filing a *pro se* Complaint which alleged multiple, unrelated claims (Doc. No. 2). Specifically, he alleged: (1) he had been denied adequate medical care after a dental operation; (2) he had been denied adequate medical care for leg and knee injuries; (3) he had not been afforded adequate recreation time; and (4) he was not receiving adequate nutrition. (*Id*. at 4-6.) Additionally, he sued all Defendants only in their official capacities. (*Id*. at 2.) On November 19, 2015, I offered Plaintiff an opportunity to amend his Complaint within thirty (30) days. (Doc. No. 3.) He has declined to do so and I must screen his allegations as they stand.

First, Plaintiff's claims for damages against all Defendants must be dismissed. Official capacity claims for damages against county officials are equivalent to claims against the county itself. *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). A county is liable only where one of its policies or customs inflicted his injuries. *See Jenkins v. County of Hennepin*, 557 F.3d 628, 632 (8th Cir. 2009). Plaintiff has failed to identify any specific offending policies or customs in his Complaint.

Plaintiff does request injunctive relief insofar as he asks that all inmates receive proper

medical care, adequate recreation time, and enough food. (Doc. No. 2 at 7.) First, he has no standing to seek relief on behalf of other inmates. *See Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (per curiam). Second, Arkansas Department of Correction records[1] indicate Plaintiff is now incarcerated at the Delta Regional Unit. As such, any injunctive relief which would pertain specifically to him is now moot because he is no longer in Defendants' custody and he has made no showing that he is likely to return to the Saline County Detention Facility. *See Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012).

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 29th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court conducted a search of Plaintiff's name in the Arkansas Department of Correction Inmate Search database on February 29, 2016. Plaintiff never update his address with the Court, though he was warned of his responsibility to do so. (Doc. No. 3 at 3.)

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."